We're going to take the next couple of cases out of order, so I'm going to turn to Keon Richman versus Sessions. Thank you. Victor, will you pour me some more water when you get a chance? Thanks. Thank you so much. May it please the Court, I'm Thomas Mosley, counsel for the petitioner. The central error in the Board of Immigration Appeals decision under review here is equating a purpose to evade the Act with a purpose under the Act. When Congress has intended to impose adverse consequences for evading a statutory obligation, it's done so explicitly as, for example, in evading taxes, the criminal statute in 26-7201, or evading the selective service requirement, or evading currency requirements. Also, when Congress has sought to impose adverse consequences for making a false statement to influence a proceeding or a government official. So you concede that this language is at the very least ambiguous? Judge Pooler, what I would concede is that there may be an ambiguity in defining purpose, there may be an ambiguity in defining under, but the error of the Board, in this case I submit, is that they never explain, that they never explain how a purpose to evade the Act is something that, as they- Here what happened is they denied the person falsely claimed U.S. citizenship, and thereby tried to preempt, in effect, any deportation proceedings. And the BIA has said that he was acting here, these statements were for a purpose of avoiding deportation under federal law. And you're saying basically that it has to be, it can't be avoiding something. But why is that unreasonable? Isn't that the test under Chevron that we have? Well, I would submit here- You've admitted an ambiguity, and so that's out. Well, no, what I'm saying- Purpose and under may be ambiguous. Right, but- Then why isn't the BIA free to make a determination? Because I- It's interpreting its own laws. Well, two points in that regard. First, with respect to under and purpose, what they never do, given those definitions, and even if we accept them, what they never do with those definitions is provide an explanation as to why a purpose to avoid legal consequences is a purpose under the Act. This isn't something that the Act defines. This is a purpose outside of the Act. In other words, Mr. Rich, the petitioner was trying to avoid application of the Act to him. But that's not a purpose that the Act itself creates. It may be a purpose to influence decision-makers under the Act. It may be a purpose to evade the Act. But that's not a purpose that the Act itself creates or governs. I mean, that I submit is the- It's got to be different from a benefit, right? It's got to be different from a benefit. To be- Purpose or benefit. Yeah, no, to be sure, and I- Why isn't- if purpose is a- you know, I could see lying to obtain a benefit, and that's very- that seems to be mainly what you're arguing here, that this was not a benefit. He wasn't- he was lying to obtain a benefit. He wasn't lying to obtain a benefit, therefore it's not covered. No, he was lying to evade the Act. And what I'm saying is that if you take, among other things, if you take the- He was lying to evade the application of the Act to him. Right. Well, that's true. And what I'm saying is- and I think it's important here when we talk about Chevron to recognize the Supreme Court's decision in Esquivel. The government relies heavily upon the Court of Appeals decision there from the Eighth Circuit, which was a Chevron analysis that the Supreme Court unanimously reversed, and did so by making decisions with respect- by using the traditional tools of statutory construction and statutory models. And here Congress had, when it enacted the statute- when it enacted the statute, had statutory- had very plain statutory models all the way from the oath that federal officials take with no purpose of evasion to the statutes that I just outlined with respect to evasion. And I think it's also- Why wasn't it a benefit? Well, the Board of Immigration Appeals didn't reach its decision on the basis of benefit, Judge Newman. And, of course, an administrative agency decision can be- under Chenerey, can be defended only on the basis of the reasoning that the agency adopted. And the agency eschewed any reliance upon benefit as a basis. All right. Well, taking it as purpose then, he was facing removal if he was not a citizen, right? That's correct. So why wasn't his purpose to avoid removal? Well, that may well be his subjective intent. I don't necessarily disagree- I don't disagree with that. But under the logic of the Board of Immigration Appeals, it has to be a purpose that's governed by the Act. And the Act doesn't provide for its own- I don't know what you mean governed. It doesn't say that. But it says Falsi represents himself to be a citizen for any purpose or benefit under this chapter. That's what it says. Yes. And in the- Or any other federal law. Right. Well, there's a federal law that makes people removable under circumstances which covered him. Right? Yes, that's certainly true. So he said he was a citizen for the purpose under this law. Well- What's missing? The law doesn't create a purpose for its own evasion. If the statute had been drafted for any purpose to evade application of any federal or state law, then I wouldn't have a leg to stand on. But that's not how Congress chose the draft of this Act with these models, with the statutory models in the background. The other thing I think is important here, I'm not saying that the construction that we're urging here based on the plain language of the statute and traditional rules of statutory construction doesn't render this provision a nullity. An example would be, for example, one purpose under the Act is to get permanent residence for your spouse. An alien who falsely represents himself to be a United States citizen for the purpose of getting that immigrant preference would clearly be subject to this provision, which is also a ground of deportability. So that my narrow construction, and under the rule of lenity I would submit narrow construction is appropriate here, is consistent with the relevant background to this statute. I might also add just- What about all the laws that exist out there, independently of the immigration laws, that confer benefits to people who say they are citizens? There's a whole- I mean, you have the right to vote, you have various other rights that exist because you have citizenship, and the statute says, falsely represent himself to be a citizen of the United States for any purpose or benefit under this chapter or any other federal or state law is inadmissible. Well, if someone, for example, falsely represented himself to be a citizen to vote, he would be within the purview of this Act because it's a benefit. It's a benefit and it's a benefit. But if he makes the false representation to evade application of the Act, I submit that that's not a purpose that's created. Acts don't create purposes to evade themselves. Thank you. You're reserved two minutes for rebuttal. We'll hear from the government. Good morning. May it please the Court. Catherine Smith for the respondent. The Board identified three statutory components limited in scope by subjective and objective tests, and I would argue that this interpretation is straightforward and it's reasonable and thus entitled to Chevron deference. Richmond's efforts to misconstrue or complicate the statute should be rejected. The first component, that there be a false claim to U.S. citizenship, is not challenged by Richmond. Moving on to the second component, purpose or benefit, this is where the subjective test comes in. The Board said the immigration judge needs to find direct or circumstantial evidence that the false claim was made with the subjective intent of achieving a purpose or benefit. And then the Board went on to describe the difference between benefits and purposes. Benefits are things that are identified and enumerated in the statute. So I would argue that Richmond's example of obtaining immigrant preference for a spouse is also another benefit. The Board said that purposes, this is where we get more ambiguous. It's the other things in the Act or our federal or state law, as Judge Walker pointed out. And this can include the avoidance of negative legal consequences, including removal proceedings. The third component, that it be under the Act or any other federal or state law, creates an objective test. The Board said that a false claim must be made to achieve a purpose, and this is achieve a purpose, this is the purpose is attributed to the person making the false claim, not the statute, or obtain a benefit that is governed by one of these laws. And the objective test means that citizenship must actually affect or matter to the purpose or benefit being sought. This is a legal relevancy test, not a case-by-case factual issue of whether or not the person got away with the false claim. And the Court, when it remanded this case for the Board to create an authoritative interpretation, it led the Board in this direction. This Court wrote, avoiding removal, like avoiding taxes or the draft, but unlike avoiding the dentist or the flu, would certainly seem to be the kind of purpose that only exists under state or federal law. And when this Court remanded, there was no question about ambiguity with the word under. That seemed to be understood by the parties, and the Board didn't find ambiguity or problems with the word under. It simply explained that under means governed by one of these statutes. So a false claim to citizenship made to evade the application of a law is done for the purpose of not being governed by the law. And Richmond argues that Congress has evasion-type statutes, and this isn't a specific evasion statute. This is a much broader statute taking into consideration the severity of making false claims to U.S. citizenship for any purposes or benefits, one of which might be evasion. So it's a much broader statute than he would have this Court understand. Richmond's interpretation would also encourage the proliferation of false claims to U.S. citizenship, because if successful, there's no penalties. If unsuccessful, there's no penalties other than criminal penalties. And it would eventually write this statute out of having any kind of meaning whatsoever. Unless the Court has any further questions for the government, I'm happy to rest on the brief. I have none. All set. Thank you. Thank you, Your Honor. Mr. Mosley, you still have two minutes for rebuttal. Just very briefly, I think, first of all, the construction that we're urging here based upon the statutory models doesn't make a false claim to citizenship a free pass, so to speak. There's a severe criminal penalty for that in 18 U.S.C. 911 and in 18 U.S.C. 1001. Speak into the microphone, please. Oh, I'm sorry, Your Honor. And in 18 U.S.C. 1001. Also, again, I don't think the government comes to grip with the facts that having defined purpose and having defined under the Board of Immigration Appeals decision never explains why a purpose to avoid the Act is a purpose under the Act. That purpose exists outside of the Act. And finally, with respect, if it's in an area governed by the Act, if that's what the Board has said, then wouldn't that cover it? Well, no, Judge Walker, because to be sure, the- I'm not talking about the violation of a tax provision or a violation of some labor provision. This is immigration. Right, but we're talking about it's not a purpose under the Act to violate the Act. That's simply my point. This purpose exists outside the Act. It's not governed by the Act. It's the individual's purpose to- A purpose within an area of law governed by the Act, which could be a reasonable interpretation of what under means. But the definition of- I don't- even if I don't quarrel with the definition of under, which is governed by, nevertheless, there's no indication that the purpose to evade the Act is a purpose under the Act. Finally, just one point with respect to the unique facts of this case in terms of what the government actually do is, in this particular case, his false claim as the immigration judge would have found would have inevitably been discovered, and the pre-sentence report in his state criminal case at page 6556 makes clear that the Immigration Service already had in its own files the fact that he was not a citizen. I see my time has expired. Thank you, counsel. Thank you both. We'll reserve decision.